**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK CASEY,<br><br>               Plaintiff,<br><br>   v.<br><br>CHINOOK THERAPEUTICS, INC., ERIC DOBMEIER, SRINIVAS AKKARAJU, ROBERT W. AZELBY, JEREL DAVIS, WILLIAM M. GREENMAN, MICHELLE GRIFFIN, MAHESH KRISHNAN, and DOLCA THOMAS,<br><br>               Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Patrick Casey ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Chinook Therapeutics, Inc. ("Chinook" or the "Company") and the members of Chinook's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Chinook to Novartis AG ("Novartis") (the "Proposed Transaction").

2. On June 11, 2023, Chinook entered into an Agreement and Plan of Merger with Novartis and Novartis's wholly-owned subsidiary, Cherry Merger Sub Inc. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Chinook shareholders will receive $40.00 in cash and one contingent value right ("CVR")[1] for each share of Chinook common stock they own.

3. On July 10, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Chinook stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information, including with respect to: (i) the Company's financial projections; (ii) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Centerview Partners, LLC ("Centerview"); and (iii) Company insiders' potential conflicts of interest.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Chinook stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Chinook stockholders to vote on the Proposed Transaction is scheduled for August 2, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Chinook's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

---

[1] Each CVR represents a contractual right to receive contingent cash payments worth up to an aggregate amount of $4.00 (collectively, the "Milestone Payments") upon the achievement of certain milestones related to Chinook's pipeline candidate, atrasentan (collectively, the "Milestones").

**JURISDICTION AND VENUE**

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.  Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Chinook's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9.  Plaintiff is, and has been at all relevant times, the owner of shares of Chinook common stock.

10. Defendant Chinook is a Delaware corporation, with its principal executive offices located at 400 Fairview Avenue North, Suite 900, Seattle, Washington 98109. Chinook's shares trade on the Nasdaq Global Select Market under the ticker symbol "KDNY."

11. Defendant Eric Dobmeier has been President, Chief Executive Officer, Chairman of the Board, and a director of the Company at all relevant times.

12. Defendant Srinivas Akkaraju has been a director of the Company at all relevant times.

13. Defendant Robert W. Azelby has been a director of the Company at all relevant times.

14. Defendant Jerel Davis has been Lead Director of the Company at all relevant times.

15. Defendant William M. Greenman a director of the Company at all relevant times.

16. Defendant Michelle Griffin has been a director of the Company at all relevant times.

17. Defendant Mahesh Krishnan has been a director of the Company at all relevant times.

18. Defendant Dolca Thomas has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

20. Chinook is a clinical-stage biopharmaceutical company focused on discovering, developing and commercializing precision medicines for kidney diseases. The Company's pipeline is focused on rare, severe chronic kidney diseases with well-defined clinical pathways. The Company's lead clinical program is atrasentan, a phase 3 endothelin receptor antagonist for the treatment of IgA nephropathy and proteinuric glomerular diseases. Chinook's pipeline also includes zigakibart (BION-1301), an anti-APRIL monoclonal antibody, is being evaluated in a phase 1/2 trial for IgA nephropathy, and CHK-336, an oral small molecule LDHA inhibitor for the treatment of hyperoxalurias, is in phase 1 development.

**The Proposed Transaction**

21. On June 12, 2023, Chinook announced that it had entered into the Proposed Transaction, stating, in relevant part:

> SEATTLE, June 12, 2023 (GLOBE NEWSWIRE) -- Chinook Therapeutics, Inc. (Nasdaq: KDNY), a biopharmaceutical company focused on the discovery, development and commercialization of precision medicines for kidney diseases, today announced that it has entered into an agreement and plan of merger with Novartis AG pursuant to which Novartis will acquire Chinook for $40 per share in cash, or a total of $3.2 billion. This offer represents a premium of 83 percent to Chinook's 60-day volume-weighted average stock price and 67 percent to Chinook's closing price on June 9, 2023. In addition, Chinook shareholders will receive contingent value rights (CVRs) providing for payment of up to $4 per share upon the achievement of certain future regulatory milestones with respect to Chinook's lead product candidate, atrasentan. Total consideration including the contingent value right, if the milestones are achieved, would be approximately $3.5 billion. The transaction has been unanimously approved by the Boards of Directors of both companies.
>
> "We are pleased that Novartis recognizes the significant value that the Chinook team has built with our pipeline of clinical and preclinical programs for patients with rare, severe chronic kidney diseases," said Eric Dobmeier, president and chief executive officer of Chinook Therapeutics. "We believe this transaction is great news for kidney disease patients and the programs we have built at Chinook. Through this merger, Novartis can apply its substantial resources to pursue broader development efforts and commercialization of atrasentan, zigakibart (BION-1301) and other programs in our pipeline to build its global renal therapeutic area."
>
> Completion of the transaction is expected in the second half of 2023, pending approval by Chinook's stockholders and satisfaction of other customary closing conditions. Until that time, Chinook will continue to operate as a separate and independent company.
>
> Centerview Partners LLC and MTS Health Partners, L.P. are serving as financial advisors, and Fenwick & West LLP is serving as legal counsel to Chinook.
>
> **Transaction Details**
> Under the terms of the merger agreement, Novartis will acquire all of the outstanding shares of Chinook through a subsidiary for a price of $40 per share in cash at closing. The CVRs to be issued to Chinook shareholders will provide for payments of up to an additional $4 per share with respect to specific regulatory approvals for atrasentan, $2 of which is related to IgA nephropathy and $2 of which is related to focal segmental glomerulosclerosis. The closing of the proposed transaction is subject to certain conditions, including approval by Chinook's stockholders, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions. A copy of the merger

agreement will be filed with the Securities and Exchange Commission ("SEC") and will be publicly available.

**The Materially Incomplete and Misleading Proxy Statement**

22. On July 10, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Chinook stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) Chinook's financial projections; (ii) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Centerview; and (iii) Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for Chinook*

23. The Proxy Statement fails to disclose material information concerning the financial projections for Chinook.

24. For example, the Proxy Statement fails to disclose a summary of Company management's non-risk-adjusted projections. The Proxy Statement similarly fails to disclose a quantification of the assumptions underlying the risk-adjusted projections, including, but not limited to:

> Chinook's ability to raise substantial amounts of capital in equity financing transactions in order to bring its product candidates through clinical trials, manufacturing and commercialization and to continue operating its business; the probability of success of clinical development and FDA approval of its product candidates and the timing of clinical trials, regulatory approval and commercial launch of these products; market demand for, and pricing of, its products; market size; market share; competition; reimbursement; distribution; estimated costs and expenses; contractual relationships; effective tax rate; utilization of net operating losses; and other relevant factors relating to Chinook's long-term operating plan, as well as future economic, competitive and regulatory conditions and financial market conditions[.]

Proxy Statement at 44.

25. Additionally, the Proxy Statement fails to disclose the line items underlying the calculation of: (i) Total Adjusted Gross Profit; and (ii) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

26. The Proxy Statement fails to disclose material information concerning Centerview's financial analyses.

27. With respect to Centerview's *Analysis of Consideration*, the Proxy Statement fails to disclose a quantification of: (i) Chinook management's assessment as to the probability and timing of achieving the Milestones and realizing the Milestone Payments; and (ii) the inputs and assumptions underlying the discount rate of 12.5%.

28. With respect to Centerview's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) Chinook's estimated federal net operating losses and estimated future losses; (ii) the terminal values for Chinook; (iii) the estimated cash balance as of June 30, 2023 for Chinook; (iv) the inputs and assumptions underlying the discount rates ranging from 11.5% to 13.5%; and (v) Chinook's fully diluted shares outstanding.

29. With respect to Centerview's *Analyst Price Target Analysis*, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

30. With respect to Centerview's *Precedent Premium Paid Analysis*, the Proxy Statement fails to disclose: (i) the identities of the transactions analyzed; and (ii) the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

31. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

32.     Specifically, the Proxy Statement fails to disclose whether any of Novartis' proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. Moreover, the Proxy Statement fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Novartis and Chinook executive officers and directors, including who participated in all such communications, when they occurred and their content.

33.     In sum, the omission of the above-referenced information renders statements in the "Certain Chinook Unaudited Prospective Financial Information," "Opinion of Centerview Partners LLC," "Interests of Chinook's Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Chinook will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Chinook**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading,

in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Chinook is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Chinook within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of Chinook and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Chinook, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 12, 2023                                   **ACOCELLI LAW, PLLC**

By  */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*